927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Martin GARSON, Petitioner/Appellant,
v.
COMMODITY FUTURES TRADING COMMISSION, Respondent/Appellee.
 No. 90-1631.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.*
Decided March 4, 1991.
Rehearing Denied April 8, 1991.
 
 On Petition for Review from an Order of the Commodity Futures Trading Commission, No. 88-R252.
 CFTC
 AFFIRMED.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Martin Garson appeals from the Commodity Futures Trading Commission's ("CFTC") summary affirmance of an Administrative Law Judge's ("ALJ") dismissal of his reparations action. Garson filed his complaint pursuant to the Commodity Exchange Act ("Act"), 7 U.S.C. Sec. 18 (1990), against Shearson Lehman Hutton, as successor to E.F. Hutton, ("Shearson") and its associated person Charles LeBeau. With this appeal, Garson attacks the credibility determinations of the ALJ and claims that the weight of the evidence indicates that he was entitled to a reparations award from Shearson and LeBeau.
 
 I. Background
 
 2
 Garson established an account with E.F. Hutton in 1985 with an initial $10,000 deposit and the account was closed in 1987 with a final balance just under $5,000. Garson brought a reparations action before the CFTC alleging that Shearson and LeBeau made unauthorized trades on his account and perpetrated fraud by continuing to trade once the account's value fell below $10,000, both in violation of 7 U.S.C. Sec. 6(b) (1990).[1] The heart of Garson's complaint centers on the method by which his account was to be traded. Garson claims that the account was to be traded strictly in accordance with a standard trading system, "Tempus". Shearson and LeBeau counter that the account was to be traded upon mutual decision and would vary from the Tempus formula when the parties considered it prudent.
 
 
 3
 An ALJ conducted an oral evidentiary hearing at which time both parties were represented by counsel and presented witnesses. After the hearing and post-hearing briefing, the ALJ issued an Initial Decision dismissing the complaint based on credibility determinations that the evidence offered by the witnesses did not support Garson's claim. Garson appealed to the CFTC, which, in response, summarily affirmed the ALJ's Initial Determination. In response to new charges by Garson of unauthorized trading based on testimony from the evidentiary hearing, the CFTC made additional factual findings that the evidence did not support Garson's contention that trades made by other Shearson employees while LeBeau was out-of-town constituted unauthorized trading.
 
 II. Analysis
 
 4
 The Act provides for review by this court of CFTC orders upon appeal by the party against whom the order is directed. The Act directs that this court determine whether the CFTC's order and factual determinations are "supported by the weight of the evidence." 7 U.S.C. Sec. 18(e) (1990). This court reviews the record to determine whether the fact finder acted reasonably in concluding that the evidence supported its determination. Stotler & Co. v. CFTC, 855 F.2d 1288, 1291 (7th Cir.1988). Thus, our review of CFTC's factual determinations is quite narrow. If we find that the CFTC's factual findings are supported by the weight of the evidence, those findings are taken as conclusive. Hlavinka v. CFTC, 867 F.2d 1029, 1033 (1989). We afford even greater deference to factual findings based on credibility determinations. Gimbel v. CFTC, 872 F.2d 196 (7th Cir.1989).
 
 
 5
 The ALJ concluded that both Garson and LeBeau, "firmly believe that they were speaking the truth," and stated that his decision, "must rest almost entirely on whether Garson's or LeBeau's testimony is to be believed." (R. 44 p. 5-6). Thus, the demeanor of the witnesses and their presentation of evidence is crucial in weighing the evidence. See Gimbel, 872 F.2d at 199. In examining whether the account was to be traded exclusively according to the Tempus system, the ALJ found that non-Tempus trades were made and that Garson was aware of these trades at the time they were placed. The ALJ also found that Garson offered no evidence that he made objections at the time of trade and no explanation for failure to so object and concluded that Garson's claim of strict Tempus trading was not credible. Further, the ALJ found that the parties presented contradictory evidence as to the value of the account that would trigger an automatic halt in trading. Again, in light of this conflicting testimony, the ALJ's credibility determination becomes crucial. As only the ALJ had the opportunity to evaluate the demeanor of the witnesses and expressly relied on his observations in concluding that the evidence supported LeBeau's version of events, we can not conclude that his credibility determinations were erroneous.
 
 
 6
 Finally, based on the testimony before the ALJ, Garson asserted that non-authorized persons executed trades on his account in LeBeau's absence. Although not submitted to the ALJ, the CFTC analyzed the issue in its summary affirmance. While the CFTC made additional factual findings, our review of its additional factual findings remains limited. See Hlavinka, 867 F.2d at 1033. Again, we find that the CFTC's determination was justified. The testimony that Garson points to is not conclusive and supports the contention that any action taken by other Shearson employees was in compliance with Garson's directions. LeBeau testified that he contacted Garson prior to any absence and discussed all trades to be made on the account during the absence. (R. 34 p. 157). Further the CFTC found that while other employees played a role in executing trades on the account in LeBeau's absence, the evidence failed to establish that any trades were made beyond the bounds of Garson's authorization because the activities of those employees were within the parameters of the Tempus system. (R. 55 p. 1 n. 1). This conclusion is supported by substantial evidence and we therefore find that the CFTC's decision was justified.
 
 
 7
 Thus, in light of our finding that both the ALJ and the CFTC were justified in concluding that Garson did not present a case warranting a reparation award, we uphold the CFTC's findings and AFFIRM.[2]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 In his complaint Garson included other charges of fraud such as churning and breach of fiduciary duty. He does not raise these issues on appeal
 
 
 [2]
 Appellant has filed a Motion to Seal the Record. However, he offers no argument in support of this motion and does not point to the portions of the record that the motion requests be impounded. We deny this motion